**Zheng RONG–GUI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–1327–ag.

United States Court of Appeals, Second Circuit.

Oct. 24, 2008.

Liu Yu, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Tim Ramnitz, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Zheng Rong–Gui, a native and citizen of the People's Republic of China, seeks review of a February 29, 2008 order of the BIA affirming the October 15, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture

("CAT"). *In re Zheng Rong–Gui,* No. A98 713 526 (B.I.A. Feb. 29, 2008), *aff'g* No. A98 713 526 (Immig. Ct. N.Y. City Oct. 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see In re J–Y–C–,* 24 I. & N. Dec. 260, 265 (B.I.A.2007).

As an initial matter, because Rong–Gui failed to raise before this Court any challenge to the agency's denial of his CAT claim, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005). As to Rong–Gui's asylum and withholding of removal claims, we find that the agency's adverse credibility determination was supported by substantial evidence. The IJ properly noted Rong–Gui's inconsistent testimony with regard to the year he began distributing Falun Gong leaflets and the year that Chinese authorities sought to arrest him. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, the IJ found that Rong–Gui's demeanor during his testimony indicated that he was not telling the truth. In particular, the IJ noted that Rong–Gui hesitated when asked to explain the inconsistencies in his testimony. We accord particular deference to an IJ's observations of an applicant's demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–74 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). Taken as a whole, under the REAL ID Act, these findings were sufficient to support the IJ's conclusion that Rong–Gui was not credible. *See Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008).

Because the only evidence of a threat to Rong–Gui's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal when both claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.